UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

SHANE D. JONES,

Debtor.

_____/

Case No. 21-01695-swd
Chapter 13
(Dismissed Nov. 29, 2021)
Hon. Scott W. Dales

MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
Chief United States Bankruptcy Judge

On November 29, 2021, and on the motion of chapter 13 debtor Shane D. Jones (the "Debtor"), the court entered an order dismissing the case.  Notwithstanding the dismissal, the court retained jurisdiction to consider whether to hold the Debtor in contempt, and if so, how to compensate those injured by the alleged contempt.  *See* Dismissal Order (ECF No. 80); *see also* Order to Show Cause dated November 15, 2021 (the "Show Cause Order," ECF No. 71).

After briefly adjourning the return hearing at the Debtor's request, the court held the hearing regarding the Show Cause Order on January 25, 2022, in Kalamazoo, Michigan.  The Debtor appeared as ordered.  His former chapter 13 trustee, Barbara P. Foley, Esq., also appeared, as did creditor Kecia Visser (whose motion prompted the court to enter the Show Cause Order), and creditors Peggy and Rodney Weeks. [1]  No party requested a formal evidentiary hearing, presumably because the historical facts are not in dispute.  At the hearing's conclusion, the court took the matter under advisement.

For the following reasons, the court finds the Debtor in contempt for failing to appear at the Rule 2004 examination as ordered, and will require him to compensate Ms. Visser for the consequences of that contempt.

First, there is no dispute that he was aware of the obligation to attend, and the Order Granting Application for FRBP 2004 Examination (the "Rule 2004 Order," ECF No. 63), entered

---

[1] The Debtor and the former trustee appeared without counsel; the creditors appeared through counsel.

after a telephone hearing at which the Debtor's then-counsel participated, was crystal clear that the "Debtor shall appear for Fed. R. Bankr. P. 2004 examination on November 8, 2021 at 1:30 p.m." at his counsel's office in Grand Rapids, Michigan.  The Rule 2004 Order, therefore, unequivocally enjoined the Debtor to attend the examination.

Second, the court does not credit the Debtor's explanation that he assumed that the imminent dismissal of his case would prevent the examination from taking place, or that Ms. Visser bears responsibility for the expenses she incurred because she did not close on the refinancing that would have paid her claim.  During the November 1, 2021 hearing preceding the entry of the Rule 2004 Order, the Debtor (through his counsel) agreed that the examination would take place on November 8, 2021, regardless of the outcome of the refinancing, because the chapter 13 trustee also intended to interrogate him under oath at that time.  As a result, the Rule 2004 Order clearly stated, and the Debtor must have understood, that the examination would take place regardless of any refinancing, and that Ms. Visser would bear the expenses of the examination.

The Debtor has not suggested, nor could he, that he thought the refinancing had closed, only that he felt it failed to close due to Ms. Visser's actions or omissions.  The Debtor has not shown any cause why the court should treat his failure to attend the examination as anything other than contemptuous.  The court finds him in contempt of the Rule 2004 Order.

Third, the court regards Ms. Visser's request for compensation to be reasonable. At the return hearing and without contradiction, Ms. Visser's counsel itemized the fees and expenses that Ms. Visser is seeking to recover from the Debtor on account of his contempt, as follows:

- 3.5 hours of attorney time (at $275 per hour) to prepare for and attend the examination ($962.50);
- The court reporter's fee ($200.00); and
- $2.8 hours of attorney time (at $275 per hour) to prepare the motion to hold the Debtor in contempt ($770.00).

The sum of these fees and expenses, which the court finds to be reasonable as to amount of time and rate, equals $1,932.50.

The parties on the record described numerous inconsistencies and omissions from the Debtor's schedules requiring further investigation, and it was certainly foreseeable that counsel would spend a few hours preparing for and attending the examination.

As for the hourly rate, Ms. Visser's counsel is well-known to the court through her frequent work on behalf of other clients, has a sophisticated consumer practice, and her rate is in line with the rates charged (and approved) in our district.

Despite the opportunity during the return hearing, the Debtor did not challenge counsel's statements that she prepared for and attended the examination, only that Ms. Visser could have avoided the expense by closing the refinancing.  This is inconsistent with the discussions on the record during the November 1, 2021 hearing, with the fact that the refinancing did not close, and with the Rule 2004 Order itself.

Keeping in mind that the court's civil contempt power is limited to coercing compliance with its orders (which is no longer necessary given the Debtor's voluntary dismissal) and compensating persons injured as a result of a contemnor's actions or omissions (which remains a live controversy),[2] the court will require the Debtor to pay Ms. Visser $1,932.50 to compensate her for his contempt of the Rule 2004 Order.

The court will treat this Memorandum of Decision and Order as a money judgment enforceable through the court's offices under Fed. R. Civ. P. 69 (applicable through Fed. R. Bankr. P. 7069 and 9014), or subject to domestication under applicable state law.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Debtor's failure to attend the examination as ordered is a contempt of court, and he shall pay Ms. Visser $1,932.50 as compensation for his contempt.

IT IS FURTHER ORDERED that the court retains jurisdiction to enforce this Memorandum of Decision and Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Shane D. Jones,

---

[2] *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019) ("Under traditional principles of equity practice, courts have long imposed civil contempt sanctions to 'coerce the defendant into compliance' with an injunction or 'compensate the complainant for losses' stemming from the defendant's noncompliance with an injunction."); *see also In re Lane*, No. 20-5399, 2020 WL 9257958, at *2 (6th Cir. Dec. 22, 2020) ("Bankruptcy courts have authority to exercise civil contempt power.").

Barbara P. Foley, Esq., chapter 13 trustee, Michael Patrick Hanrahan, Esq., Kimberly S. Young, Esq., Robert J. Pleznac, Esq., and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated January 26, 2022**

Scott W. Dales
United States Bankruptcy Judge